1  Michael McShane (CA 127944)
   AUDET & PARTNERS, LLP
2  221 Main Street, Suite 1460
   San Francisco, CA 94105
3  Telephone: 415.568.2555
   Facsimile: 415.568.2556
4
   Attorneys for Plaintiff, and the Proposed Class
5  (Additional Attorneys Listed on Signature Page)

6                  **UNITED STATES DISTRICT COURT**

7                 **NORTHERN DISTRICT OF CALIFORNIA**

8
   JAMES KNOWLES, on behalf of himself and all        )   Case No.
9  others similarly situated,                          )
                                                       )   **CLASS ACTION**
10                                                     )   **COMPLAINT**
                      Plaintiff,                       )
11                                                     )   **JURY TRIAL DEMANDED**
                                                       )
12          v.                                         )
                                                       )
13 SAN DISK CORPORATION; SAMSUNG                       )
   ELECTRONICS CO., LTD.; SAMSUNG                      )
14 SEMICONDUCTOR, INC.; HYNIX                          )
   SEMICONDUCTOR, INC.; HYNIX                          )
15 SEMICONDUCTOR AMERICA, INC.; MICRON                 )
   TECHNOLOGY, INC.; MICRON                            )
16 SEMICONDUCTOR PRODUCTS, INC.;                       )
   RENESAS TECHNOLOGY CORPORATION;                     )
17 RENESAS TECHNOLOGY AMERICA, INC.;                   )
   TOSHIBA CORPORATION; TOSHIBA                        )
18 AMERICA CORPORATION; TOSHIBA                        )
   AMERICA ELECTRONIC COMPONENTS, INC.;                )
19 HITACHI, LTD.; HITACHI AMERICA, LTD.;               )
   HITACHI ELECTRONIC DEVICES (USA), INC.;             )
20 MITSUBISHI ELECTRIC CORPORATION;                    )
   MITSUBISHI ELECTRIC & ELECTRONICS                   )
21                                                     )
   USA, INC.; WINDBOND ELECTRONICS                     )
22 CORPORATION; and WINDBOND                           )
   ELECTRONICS CORPORATION AMERICA;,                   )
23                                                     )
                                                       )
24                    Defendants.                      )
                                                       )
25                                                     )
                                                       )
26                                                     )
                                                       )
27                                                     )
                                                       )
28 _____            )

Audet & Partners, LLP
www.audetlaw.com

1    Plaintiff, by his attorneys, brings this civil action for damages and injunctive relief on

2    behalf of himself and all others similarly situated against the above-named Defendants, and

3    demanding a trial by jury, complains and alleges as follows:

4                              **JURISDICTION AND VENUE**

5        1.      This complaint is filed under Section 16 of the Clayton Act, 15 U.S.C.

6    §26, to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. §1, to

7    recover damages under state antitrust and consumer protection laws, and to recover the costs of

8    suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly

9    situated sustained as a result of the Defendants' violations of those laws.

10       2.      The Court has jurisdiction over the federal claim under 28 U.S.C. §§1331

11   and 1337. The Court has jurisdiction over the state law claims under 28 U.S.C. §1367 because

12   those claims are so related to the federal claim that they form part of the same case or

13   controversy. The Court also has jurisdiction over the state law claims under 28 U.S.C. §1332

14   because the amount in controversy for the Class exceeds $5,000,000, and there are members of

15   the Class who are citizens of a different state than the defendants.

16       3.      Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C. §1391

17   because defendants reside, transact business, or are found within this District, and a substantial

18   part of the events giving rise to the claims arose in this District.

19       4.      The activities of the Defendants and their co-conspirators, as described

20   herein, were within the flow of, were intended to, and did have a substantial effect on the foreign

21   and interstate commerce of the United States.

22                                 **DEFINITIONS**

23       5.      As used herein, the term Flash Memory ("Flash Memory") includes AND,

24   NAND and NOR Flash Memory technology sold during the class period.

25       6.      As used herein, the term "Class Period" means the time period January 1,

26   1999 through the date of class certification.

27                                 **THE PARTIES**

28   **A.      The Plaintiff**

1             7.      Plaintiff James Knowles, a resident of California, indirectly purchased

2  Flash Memory from one or more of the Defendants during the Class Period, for end use and not

3  for resale, and was injured as a result of Defendants' illegal conduct.

4  **B.     The Defendants**

5             8.      Defendant San Disk is incorporated in the State of Delaware, with its

6  principal place of business in Milpitas, California.  Throughout the class period, Defendant San

7  Disk manufactured, sold and distributed Flash Memory to customers throughout the United

8  States.

9             9.      Defendant Samsung Electronics Co., Ltd. is a business entity organized

10  under the laws of South Korea, with its principal place of business in Seoul, Korea.  During the

11  time period covered by this Complaint, Defendant Samsung Electronics Co., Ltd. manufactured,

12  sold and distributed Flash Memory to customers throughout the United States.

13           10.      Defendant Samsung Semiconductor, Inc. is a wholly owned and controlled

14  subsidiary of defendant Samsung Electronics Co. Ltd. with its principal place of business in San

15  Jose, California.  During the time period covered by this Complaint, Defendant Samsung

16  Semiconductor, Inc. sold and distributed Flash Memory to customers throughout the United

17  States. Samsung Electronics Co. Ltd., and Samsung Semiconductor, Inc. are referred to

18  collectively herein as "Samsung".

19           11.      Defendant Hynix Semiconductor, Inc. is a business entity organized under

20  the laws of South Korea, with its principal place of business in Kyongki-do, Korea. During the

21  time period covered by this Complaint, Defendant Hynix Semiconductor, Inc. manufactured,

22  sold and distributed Flash Memory to customers throughout the United States.

23           12.      Defendant Hynix Semiconductor America, Inc. is a wholly owned and

24  controlled subsidiary of defendant Hynix Semiconductor, Inc. with its principal place of business

25  in San Jose, California.  During the time period covered by this Complaint, Defendant Hynix

26  Semiconductor America, Inc. sold and distributed Flash Memory to customers throughout the

27  United States. Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. are referred

28  to collectively herein as "Hynix".

**CLASS ACTION COMPLAINT**

13. Defendant Micron Technology, Inc. is a Delaware Corporation with its principal place of business in Boise, Idaho. During the time period covered by this Complaint, Defendant Micron Technology, Inc. manufactured, sold and distributed Flash Memory throughout the United States.

14. Defendant Micron Semiconductor Products, Inc. is a wholly owned and controlled subsidiary of defendant Micron Technology, Inc. with its principal place of business in Boise, Idaho. During the time period covered by this Complaint, Defendant Micron Semiconductor Products, Inc. sold and distributed Flash Memory to customers throughout the United States.

15. Defendant Renesas Technology Corporation is a business entity organized under the laws of Japan with its principal place of business in Tokyo, Japan. Renasas Technology Corporation was established on or about April 1, 2003 as a joint venture of Hitachi and Mitsubishi. During the time period covered by this Complaint, Defendant Resesas Technology Corporation sold and distributed Flash Memory to customers throughout the United States.

16. Defendant Renesas Technology America, Inc. is a wholly owned and controlled subsidiary of Renesas Technology Corporation with its principal place of business in San Jose, California. During the time period covered by this Complaint, Defendant Renesas Technology America, Inc. sold and distributed Flash Memory to customers throughout the United States. Defendants Renesas Technology Corporation and Renesas Technology America, Inc. are referred to collectively herein as "Renesas."

17. Defendant Toshiba Corporation is a business entity organized under the laws of Japan, having its principal place of business in Tokyo, Japan. During the time period covered by this Complaint, Defendant Toshiba Corporation manufactured, sold and distributed Flash Memory to customers throughout the United States.

18. Defendant Toshiba America Corporation is a wholly owned and controlled subsidiary of Toshiba Corporation with its principal place of business in New York, New York. During the time period covered by this Complaint, Defendant Toshiba America Corporation

1   manufactured, sold and distributed Flash Memory to customers throughout the United States.

2           19.     Defendant Toshiba America Electronic Components, Inc. is a wholly

3   owned and controlled subsidiary of Toshiba Corporation with its principal place of business in

4   Irvine, California. During the time covered by this Complaint, Defendant Toshiba America

5   Electronic Components, Inc. sold and distributed Flash Memory to customers throughout the

6   United States. Toshiba Corporation, Toshiba America Corporation, and Toshiba America

7   Electronic Components, Inc. are referred to collectively herein as "Toshiba".

8           20.     Defendant Hitachi, Ltd. is a business entity organized under the laws of

9   Japan, with its principal place of business in Tokyo, Japan. During the Class Period, Hitachi, Ltd.

10  sold and distributed Flash Memory to customers throughout the United States.

11          21.     Defendant Hitachi America, Ltd. is a wholly owned and controlled

12  subsidiary of defendant Hitachi, Ltd. Hitachi America, Ltd. is a business entity organized under

13  the laws of New York, with its principal place of business in Tarrytown, New York. During the

14  Class Period, Hitachi America, Ltd. sold and distributed Flash Memory to customers throughout

15  the United States. Defendants Hitachi, Ltd. and Hitachi America, Ltd. are referred to herein as

16  "Hitachi."

17          22.     Defendant Mitsubishi Electric Corporation is a business entity organized

18  under the laws of Japan, with its principal place of business located in Tokyo, Japan. During the

19  time covered by this Complaint, Defendant Mitsubishi Electric Corporation sold and distributed

20  Flash Memory to customers throughout the United States.

21          23.     Defendant Mitsubishi Electric & Electronics USA, Inc. is a wholly owned

22  and controlled subsidiary of Mitsubishi Electric Corporation. Defendant Mitsubishi Electric &

23  Electronics USA, Inc. is a business entity organized under the laws of Delaware, with its

24  principal place of business located in Vernon Hills, Illinois. During the time covered by this

25  Complaint, Defendant Mitsubishi Electric & Electronics USA, Inc. sold and distributed Flash

26  Memory to customers throughout the United States. Mitsubishi Electric Corporation and

27  Mitsubishi Electric & Electronics USA, Inc. are referred to collectively herein as "Mitsubishi".

28          24.     Defendant Winbond Electronics Corporation maintains its headquarters in

1   Hsinchu, Taiwan. During the time covered by this Complaint, Defendant Winbond Electronics

2   Corporation sold and distributed Flash Memory to customers throughout the United States.

3         25.    Defendant Winbond Electronics Corporation America is a wholly owned

4   and controlled subsidiary of Winbond Electronics Corporation. Defendant Winbond Electronics

5   Corporation America is a Delaware corporation, with its principal place of business in San Jose,

6   California. During the time covered by this Complaint, Defendant Winbond Electronics

7   Corporation America sold and distributed Flash Memory to customers throughout the United

8   States. Winbond Electronics Corporation and Winbond Electronics Corporation America are

9   referred to collectively herein as "Winbond".

10  **C.     Co-Conspirators and Agency**

11        26.    Defendants and others, presently unknown to Plaintiff, participated as

12  co-conspirators in the violations and conspiracies alleged in this Complaint and have engaged in

13  conduct and made statements in furtherance thereof.

14        27.    The acts charged in this Complaint have been done by Defendants and

15  their co-conspirators, or were authorized, ordered or done by their respective officers, agents,

16  employees or representatives while actively engaged in the management of each Defendant's

17  business or affairs.

18        28.    Each of the Defendants named herein acted as the agent or joint venturer

19  of or for the other Defendants with respect to the acts, violations and common course of conduct

20  alleged herein. Each Defendant which is a subsidiary of a foreign parent acts as the sole United

21  States agent for Flash Memory made by its parent company.

22                        **CLASS ACTION ALLEGATIONS**

23        29.    Plaintiff brings this suit as a class action pursuant Rules 23(b)(2) and

24  23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class ("the

25  Class") composed of and defined as follows:

26                  All persons and entities residing in the United States who,

27                  from January 1, 1999 through the date of class certification,
                  purchased Flash Memory in the United States indirectly

28                  from the Defendants for their own use and not for resale.
                  Specifically excluded from this Class are the Defendants;

1    the officers, directors or employees of any Defendant; any
2    entity in which any Defendant has a controlling interest;
      and any affiliate, legal representative, heir or assign of any
      Defendant. Also excluded are any federal, state or local
3    governmental entities, any judicial officer presiding over
      this action and the members of his/her immediate family
4    and judicial staff, and any juror assigned to this action.

5         30.    This action has been brought and may be properly maintained as a class

6    action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

7                  (a)    The Class is ascertainable and there is a well-defined community

8    of interest among the members of the Class;

9                  (b)    Based upon the nature of the trade and commerce involved and the

10   number of indirect purchasers of Flash Memory, Plaintiff believes that the members of the Class

11   number in the thousands, and therefore is sufficiently numerous that joinder of all Class

12   members is not practicable;

13                 (c)    Plaintiff's claims are typical of the claims of the members of the

14   Class because Plaintiff indirectly purchased Flash Memory from one or more of the Defendants

15   or their co-conspirators, and therefore Plaintiff's claims arise from the same common course of

16   conduct giving rise to the claims of the members of the Class and the relief sought is common to

17   the Class;

18                 (d)    The following common questions of law or fact, among others,

19   exist as to the members of the Class:

20                          (i)     whether Defendants formed and operated a combination or

21                                  conspiracy to fix, raise, maintain or stabilize the prices of,

22                                  or allocate the market for, Flash Memory sold in the United

23                                  States;

24                          (ii)    whether the combination or conspiracy caused Flash

25                                  Memory prices to be higher than they would have been in

26                                  the absence of Defendants' conduct;

27                          (iii)   the duration of Defendants' combination or conspiracy;

28                          (iv)    whether Defendants' conduct caused injury to the business

or property of Plaintiff and the members of the Class;

       (v)    the appropriate measure of the amount of damages suffered by the Class;

       (vi)   whether Defendants' conduct violates Section 1 of the Sherman Act;

       (vii)  whether Defendants' conduct violates Sections 16720 and 17200 of the California Business and Professions Code;

       (viii) whether Defendants' conduct violates the antitrust, unfair competition, and consumer protection laws of the other states as alleged below; and

       (ix)   the appropriate nature of class-wide equitable relief.

       (e)    These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

       (f)    After determination of the predominate common issues identified above, if necessary or appropriate, the Class can be divided into logical and manageable subclasses;

       (g)    Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent himself and the Class;

       (h)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all damaged Class members is impractical. The damages suffered by individual Class members are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent the availability of class action procedures, it would not be feasible for Class members to redress the wrongs done to them. Even if the Class members could afford individual litigation, the court system could not. Further, individual litigation presents the potential for

1    inconsistent or contradictory judgments and would greatly magnify the delay and expense to all

2    parties and to the court system. Therefore, the class action device presents far fewer case

3    management difficulties and will provide the benefits of unitary adjudication, economy of scale

4    and comprehensive supervision by a single court;

5                    (i)    Defendants have acted, and refused to act, on grounds generally

6    applicable to the Class, thereby making appropriate final injunctive relief with respect to the

7    Class as a whole; and

8                    (j)    In the absence of a class action, Defendants would be unjustly

9    enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

10                   31.    The Claims in this case are also properly certifiable under the laws of the

11   State of California, and of the other individual states identified below in the Fourth and Fifth

12   Claims for Relief.

13                          **NATURE OF TRADE AND COMMERCE**

14                   32.    Flash Memory is a type of integrated circuit that can be electrically erased

15   and reprogrammed. Flash Memory is used in a variety of applications, including memory cards,

16   USB storage devices, digital audio devices, mobile wireless technology, game consoles and

17   personal computers. For purposes of this Complaint, Flash Memory excludes all types of static

18   random access memory ("SRAM") or dynamic random access memory ("DRAM") sold during

19   the Class Period.

20                   33.    Flash Memory is distinct from SRAM and DRAM because it does not

21   need continuous power in order to store data. As a result, flash memory has a broader

22   application, particularly with respect to memory cards, storage devices and portable electronic

23   products.

24                   34.    Throughout the period of time covered by this Complaint, Defendants and

25   their co-conspirators engaged in the business of marketing and selling Flash Memory throughout

26   the United States. During the Class Period, total sales of Flash Memory were in the billions of

27   dollars.

28                   35.    The market for the manufacture and sale of Flash Memory is conducive to

the type of collusive activity alleged here.

36.    The Flash Memory market is oligopolistic in nature. Samsung is the clear market leader. According to the 2006 "Memory Market Backgrounder" available at its website, the shares of the leading Flash Memory manufacturers in 2005 were as follows:

| | |
|---|---|
| Samsung | 52.9% |
| Toshiba | 21.9% |
| Hynix | 12.7% |
| Renesas | 6.8% |
| Micron | 2.2% |

37.    These five entities control over 96.5% of the Flash Memory market.

38.    The market for the manufacture and sale of Flash Memory is subject to high manufacturing and technological barriers to entry. Efficient fabrication plants are large and costly. Flash Memory is also subject to technological advances, so that firms within the industry must undertake significant research and development expenses.

39.    Further, Flash Memory is a homogenous product sold by Defendants and purchased by Plaintiff and members of the class primarily on the basis of price.

40.    Manufacturers of electronic products and devices, and resellers of Flash Memory modules purchase Flash Memory directly or indirectly from the Defendants. These electronic products and devices and Flash Memory modules are then sold, directly or indirectly, to consumers.

41.    California is the largest market in the world for Flash Memory and is the world wide center of the high technology industry and other industries that depend upon Flash Memory. Statements concerning the prices and market conditions for Flash Memory were disseminated by Defendants from and into California on a regular and continuous basis.

### DEFENDANTS' ILLEGAL CONDUCT

42.    On information and belief, in October 2006, the Antitrust Division of the United States Department of Justice ("DOJ") sent out subpoenas to 23 companies in connection with an investigation of cartel activity in the SRAM industry from approximately 1998 through at least 2005. Those companies include: Samsung, Hynix, Micron, Renesas and Toshiba. A DOJ spokesperson was quoted as saying: "[t]he U.S. Department of Justice's antitrust division is

1    conducting an investigation regarding anti-competitive practices against chief SRAM

2    manufacturers." Two of these companies—Hynix and Samsung—have already pled guilty to

3    price-fixing in the DRAM market and have paid substantial fines to the DOJ for that unlawful

4    activity ($300 million for Samsung and $185 million for Hynix). Further, Elpida Memory, Inc., a

5    DRAM manufacturer created in part by Hitachi, one of the Defendants here, was fined $84

6    million. Micron, another major Flash Memory manufacturer, was the amnesty applicant to the

7    U.S. Department of Justice in the DRAM price-fixing investigation and therefore avoided

8    criminal charges and fines.

9        43.    On March 20, 2006, Hynix warned investors that the prices of NAND

10    flash memory could fall as much as 50% for the year. The very next day, Samsung reassured the

11    market that prices would recover and stabilize. As of August 2006, prices reportedly stabilized,

12    in part, as a result of reduced stocks from manufacturers. "Apple to spur NAND Flash Market,

13    firm says," *Electronic News*, August 9, 2006.

14        44.    One commentator noted the pervasiveness of cartel activity among the

15    Defendants and others within the overall semiconductor industry: "'If the DOJ wanted to, it

16    could just go down every line in the semiconductor industry and find the same issue,' said

17    Gartner Inc. analyst Richard Gordon. 'That's because there are a relatively few number of

18    suppliers in the chip industry and an open flow of communication between competitors and

19    customers, who may not define price fixing the same way the DOJ does,' he said."

20    (<http://www.computerworld.com/action/article.do?command=viewArticleBasic&

21    taxonomyName=government&articleId=900556&taxonomyId=13&intsrc=kc_top>).

22        45.    Third-party information sources, such as DRAMeXchange (found at

23    <http://www.dramexchange.com>), allow Defendants to contemporaneously track each other's

24    Flash Memory prices.

25        46.    Collusive behavior within the highly concentrated Flash Memory market

26    is facilitated by membership of Defendants in the numerous trade organizations within the

27    industry. All of the Defendants are members of the Joint Electron Device Engineering Council

28    ("JEDEC") Solid State Technology Association, a standard-setting group for solid-state

1    technologies, such as Flash Memory. Hynix and Micron are among the founding members of the

2    Open NAND Flash Interface ("ONFI") group, whose purpose is to meet and discuss standards

3    and production of NAND Flash products. The ONFI group has also been in talks with Samsung

4    with the aim of having Samsung join as a member.

5          47.    Defendants and their co-conspirators have engaged in a contract,

6    combination, trust or conspiracy, the effect of which was to raise the prices at which they sold

7    Flash Memory to artificially inflated levels.

8          48.    Defendants, through their officers, directors and employees, effectuated

9    the aforesaid contract, combination, trust or conspiracy between themselves and their

10    coconspirators by, among other things:

11        (a)    participating in meetings and conversations, including through

12            various trade associations and committees, to discuss the prices of

13            Flash Memory in the United States;

14        (b)    agreeing, during those meetings and conversations, to charge

15            prices at specified levels and otherwise to increase and maintain

16            prices of Flash Memory sold in the United States;

17        (c)    issuing price announcements and quotations in accordance with the

18            agreements reached; and

19        (d)    selling Flash Memory to various customers in the United States at

20            noncompetitive prices.

21          49.    Defendants' contract, combination, trust or conspiracy was centered in,

22    carried out, effectuated and perfected mainly in the State of California. Therefore, all members

23    of the Class, whether or not California residents, are entitled to recover under California law, as

24    well as the laws of their own states.

25          50.    While average Flash Memory prices began to decline somewhat at the

26    end of 2001, the cartel created by Defendants operated to mitigate those declines so that prices

27    were still at supracompetitive levels. Price declines likewise occurred in the DRAM market

28    during the conspiracy period involved in that case. Defendants' collusive activity still continues

1 | and has had the effect of keeping prices at supracompetitive levels.

2 | **ACTIVE CONCEALMENT**

3 | 51. Throughout and beyond the conspiracy, Defendants and their

4 | coconspirators affirmatively and actively concealed their unlawful conduct from Plaintiff.

5 | Defendants and their co-conspirators conducted their conspiracy in secret and kept it mostly

6 | within the confines of their higher-level executives. Defendants and their co-conspirators

7 | publicly provided pre-textual and false justifications regarding their pricing decisions.

8 | Defendants and their co-conspirators conducted their conspiracy in secret, concealed the true

9 | nature of their unlawful conduct and acts in furtherance thereof, and actively concealed their

10 | activities through various other means and methods to avoid detection. Plaintiff did not discover,

11 | and could not have discovered through the exercise of reasonable diligence, that Defendants and

12 | their co-conspirators were violating the antitrust laws as alleged herein until shortly before this

13 | class action litigation was commenced.

14 | 52. As a result of the active concealment of the conspiracy by Defendants and

15 | their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the

16 | allegations herein have been tolled.

17 | **VIOLATIONS ALLEGED**

18 | **First Claim for Relief**

19 | **(Violation of Section 1 of the Sherman Act)**

20 | 53. Plaintiff incorporates and realleges, as though fully set forth herein, each

21 | and every allegation set forth in the preceding paragraphs of this Complaint.

22 | 54. Beginning at a time presently unknown to Plaintiff, but at least as early as

23 | January 1, 1999 and continuing through the present, the exact dates being unknown to Plaintiff,

24 | Defendants and their co-conspirators entered into a continuing agreement, understanding, and

25 | conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for Flash

26 | Memory in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

27 | 55. In formulating and carrying out the alleged agreement, understanding, and

28 | conspiracy, the Defendants and their co-conspirators did those things that they combined and

1    conspired to do, including but not limited to the acts, practices, and course of conduct set forth

2    above, and the following, among others:

        (a)    To fix, raise, maintain and stabilize the price of Flash Memory;

        (b)    To allocate markets for Flash Memory among themselves;

        (c)    To submit rigged bids for the award and performance of certain
             Flash Memory contracts; and

        (d)    To allocate among themselves the production of Flash Memory.

      56.    The combination and conspiracy alleged herein has had the following

9    effects, among others:

        (a)    Price competition in the sale of Flash Memory has been restrained,

11    suppressed, and/or eliminated in the United States;

        (b)    Prices for Flash Memory sold by Defendants and their co-

13    conspirators have been fixed, raised, maintained and stabilized at artificially high, non-

14    competitive levels throughout the United States; and

        (c)    Those who purchased Flash Memory directly or indirectly from

16    Defendants and their co-conspirators have been deprived of the benefits of free and open

17    competition.

      57.    Plaintiff has been injured and will continue to be injured in his business

19    and property by paying more for Flash Memory purchased indirectly from the Defendants and

20    their co-conspirators than they would have paid and will pay in the absence of the combination

21    and conspiracy, including paying more for personal computers and other products in which

22    Flash Memory is a component as a result of higher prices paid for Flash Memory by the

23    manufacturers of those products.

      58.    Plaintiff and the class are entitled to an injunction against Defendants,

25    preventing and restraining the violations alleged herein.

### Second Claim for Relief

### (Violation of the California Cartwright Act)

      59.    Plaintiff incorporates and realleges, as though fully set forth herein, each

1 | and every allegation set forth in the preceding paragraphs of this Complaint.

2 |     60.    Defendants' contract, combination, trust or conspiracy was centered in,

3 | carried out, effectuated and perfected mainly within the State of California, and Defendant's

4 | conduct within California injured all members of the Class throughout the United States.

5 | Therefore, this claim for relief under California law is brought on behalf of all members of the

6 | Class, whether or not they are California residents.

7 |     61.    Beginning at a time presently unknown to Plaintiff, but at least as early as

8 | January 1, 1999, and continuing thereafter at least up to and including the present, Defendants

9 | and their co-conspirators entered into and engaged in a continuing unlawful trust in restraint of

10 | the trade and commerce described above in violation of Section 16720, California Business and

11 | Professional Code. Defendants, and each of them, have acted in violation of Section 16720 to

12 | fix, raise, stabilize and maintain prices of, and allocate markets for, Flash Memory at

13 | supracompetitive levels.

14 |     62.    The aforesaid violations of Section 16720, California Business and

15 | Professions Code, consisted, without limitation, of a continuing unlawful trust and concert of

16 | action among the Defendants and their co-conspirators, the substantial terms of which were to

17 | fix, raise, maintain and stabilize the prices of, and to allocate markets for, Flash Memory.

18 |     63.    For the purpose of forming and effectuating the unlawful trust, the

19 | Defendants and their co-conspirators have done those things which they combined and

20 | conspired to do, including but in no way limited to the acts, practices and course of conduct set

21 | forth above and the following:

22 |     (a)    to fix, raise, maintain and stabilize the price of Flash Memory;

23 |     (b)    to allocate markets for Flash Memory amongst themselves;

24 |     (c)    to submit rigged bids for the award and performance of certain

25 |     Flash Memory contracts; and

26 |     (d)    to allocate amongst themselves the production of Flash Memory.

27 |     64.    The combination and conspiracy alleged herein has had, inter alia, the

28 | following effects:

1     (a)    Price competition in the sale of Flash Memory has been restrained,

2   suppressed and/or eliminated in the State of California and throughout the United States;

3     (b)    Prices for Flash Memory sold by Defendants and their co-

4   conspirators have been fixed, raised, maintained and stabilized at artificially high, non-

5   competitive levels in the State of California and throughout the United States; and

6     (c)    Those who purchased Flash Memory from Defendants and their

7   coconspirators have been deprived of the benefit of free and open competition.

8     65.    Plaintiff and the other members of the Class paid supra-competitive,

9   artificially inflated prices for Flash Memory.

10     66.    As a direct and proximate result of Defendants' unlawful conduct,

11   Plaintiff and the members of the Class have been injured in their business and property in that

12   they paid more for Flash Memory than they otherwise would have paid in the absence of

13   Defendants' unlawful conduct. As a result of Defendants' violation of Section 16720 of the

14   California Business and Professions Code, Plaintiff seeks treble damages and the costs of suit,

15   including reasonable attorneys' fees, pursuant to Section 16750(a) of the California Business

16   and Professions Code.

17   **<u>Third Claim for Relief</u>**

18   **(Violation of the California Unfair Competition Law)**

19     67.    Plaintiff incorporates and realleges, as though fully set forth herein, each

20   and every allegation set forth in the preceding paragraphs of this Complaint.

21     68.    Defendants' business acts and practices were centered in, carried out,

22   effectuated and perfected mainly within the State of California, and Defendant's conduct within

23   California injured all members of the Class throughout the United States. Therefore, this claim

24   for relief under California law is brought on behalf of all members of the Class, whether or not

25   they are California residents.

26     69.    Beginning on a date unknown to Plaintiff, but at least as early as  January

27   1, 1999, and continuing thereafter at least up through and including the present,  Defendants

28   committed and continue to commit acts of unfair competition, as defined by  Sections 17200, *et*

1   *seq.* of the California Business and Professions Code, by engaging in the acts and practices

2   specified above.

3         70.     This Claim is instituted pursuant to Sections 17203 and 17204 of the

4   California Business and Professions Code, to obtain restitution from these Defendants for acts,

5   as alleged herein, that violated Section 17200 of the California Business and Professions Code,

6   commonly known as the Unfair Competition Law.

7         71.     The Defendants' conduct as alleged herein violated Section 17200. The

8   acts, omissions, misrepresentations, practices and non-disclosures of Defendants, as alleged

9   herein, constituted a common continuous and continuing course of conduct of unfair competition

10  by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of

11  California Business and Professions Code, Section 17200, *et seq.*, including, but not limited to,

12  the following:

13          (a)     The violations of Section 1 of the Sherman Act, as set forth above;

14          (b)     The violations of Section 16720, et seq., of the California Business

15                and Professions Code, set above;

16          (c)     Defendants' acts, omissions, misrepresentations, practices and

17                nondisclosures, as described above, whether or not in violation of

18                Section 16720, et seq. of the California Business and Professions

19                Code, and whether or not concerted or independent acts, are

20                otherwise unfair, unconscionable, unlawful or fraudulent;

21          (d)     Defendants' act and practices are unfair to consumers of Flash

22                Memory in the State of California and throughout the United

23                States, within the meaning of Section 17200, California Business

24                and Professions Code; and

25          (e)     Defendants' acts and practices are fraudulent or deceptive within

26                the meaning of Section 17200 of the California Business and

27                Professions Code.

28        72.     Plaintiff and each of the Class members are entitled to full restitution

1    and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may

2    have been obtained by Defendants as a result of such business acts or practices.

3        73.    The illegal conduct alleged herein is continuing and there is no indication

4    that Defendants will not continue such activity into the future.

5        74.    The unlawful and unfair business practices of Defendants, and each of

6    them, as described above, have caused and continue to cause Plaintiff and the members of the

7    Class to pay supra-competitive and artificially-inflated prices for Flash Memory. Plaintiff and the

8    members of the class suffered injury in fact and lost money or property as a result of such unfair

9    competition.

10       75.    The conduct of Defendants as alleged in this Complaint violates Section

11   17200 of the California Business and Professions Code.

12       76.    As alleged in this Complaint, Defendants and their co-conspirators have

13   been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair

14   competition. Plaintiff and the members of the Class are accordingly entitled to equitable relief

15   including restitution and/or disgorgement of all revenues, earnings, profits, compensation and

16   benefits which may have been obtained by Defendants as a result of such business practices,

17   pursuant to the California Business and Professions Code, Sections 17203 and 17204.

18                    **Fourth Claim for Relief**

19         **(Violation of State Antitrust and Unfair Competition Laws)**

20       77.    Plaintiff incorporates and realleges, as though fully set forth herein, each

21   and every allegation set forth in the preceding paragraphs of this Complaint.

22       78.    By reason of the foregoing, defendants have entered into agreements in

23   restraint of trade in violation of Alabama Code §§8-10-1 et seq.

24       79.    By reason of the foregoing, defendants have entered into agreements in

25   restraint of trade in violation of Arizona Revised Stat. §§44-1401 et seq.

26       80.    By reason of the foregoing, defendants have entered into agreements in

27   restraint of trade in violation of California Bus. & Prof. Code §§16700 et seq. and Cal. Bus. &

28   Prof. Code §§17200 et seq.

1           81.      By reason of the foregoing, defendants have entered into agreements in

2  restraint of trade in violation of District of Columbia Code Ann. §§28-4503 et seq.

3           82.      By reason of the foregoing, defendants have entered into agreements in

4  restraint of trade in violation of Iowa Code §§553.1 et seq.

5           83.      By reason of the foregoing, defendants have entered into agreements in

6  restraint of trade in violation of Kansas Stat. Ann. §§50-101 et seq.

7           84.      By reason of the foregoing, defendants have entered into agreements in

8  restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 et seq.

9           85.      By reason of the foregoing, defendants have entered into agreements in

10  restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 et seq.

11          86.      By reason of the foregoing, defendants have entered into agreements in

12  restraint of trade in violation of Minnesota Stat. §§325D.52 et seq.

13          87.      By reason of the foregoing, defendants have entered into agreements in

14  restraint of trade in violation of Mississippi Code Ann. §75-21-1 et seq.

15          88.      By reason of the foregoing, defendants have entered into agreements in

16  restraint of trade in violation of Nebraska Rev. Stat. §§59-801 et seq.

17          89.      By reason of the foregoing, defendants have entered into agreements in

18  restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A et seq.

19          90.      By reason of the foregoing, defendants have entered into agreements in

20  restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 et seq.

21          91.      By reason of the foregoing, defendants have entered into agreements in

22  restraint of trade in violation of North Carolina Gen. Stat. §§75-1 et seq.

23          92.      By reason of the foregoing, defendants have entered into agreements in

24  restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 et seq.

25          93.      By reason of the foregoing, defendants have entered into agreements in

26  restraint of trade in violation of the Pennsylvania common law.

27          94.      By reason of the foregoing, defendants have entered into agreements in

28  restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 et seq.

95.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 et seq.

96.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 et seq.

97.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of West Virginia §§47-18-1 et seq.

98.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Wisconsin Stat. §§133.01 et seq.

99.     Class Members in each of the states listed above paid supra-competitive, artificially inflated prices for Flash Memory. As a direct and proximate result of Defendants' unlawful conduct, such members of the Class have been injured in their business and property in that they paid more for Flash Memory than they otherwise would have paid in the absence of Defendants' unlawful conduct.

## Fifth Claim for Relief

### (Violation of State Consumer Protection and Unfair Competition Laws)

100.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

101.     Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

102.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. §§45.50.471 et seq.

103.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code §4-88-101 et seq.

104.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of California Bus. & Prof. Code §17200 et seq.

105.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §28-3901 et seq.

1         106.    Defendants have engaged in unfair competition or unfair or deceptive acts

2  or practices in violation of Florida Stat. §501.201 et seq.

3         107.    Defendants have engaged in unfair competition or unfair or deceptive acts

4  or practices in violation of Hawaii Rev. Stat. §480 et seq.

5         108.    Defendants have engaged in unfair competition or unfair or deceptive acts

6  or practices in violation of Idaho Code §48-601 et seq.

7         109.    Defendants have engaged in unfair competition or unfair or deceptive acts

8  or practices in violation of Kansas Stat. §50-623 et seq.

9         110.    Defendants have engaged in unfair competition or unfair or deceptive acts

10  or practices in violation of Louisiana Rev. Stat. §51:1401 et seq.

11         111.    Defendants have engaged in unfair competition or unfair or deceptive acts

12  or practices in violation of 5 Maine Rev. Stat. §207 et seq.

13         112.    Defendants have engaged in unfair competition or unfair or deceptive acts

14  or practices in violation of Montana Code §30-14-101 et seq.

15         113.    Defendants have engaged in unfair competition or unfair or deceptive acts

16  or practices in violation of Nebraska Rev. Stat. §59-1601 et seq.

17         114.    Defendants have engaged in unfair competition or unfair or deceptive acts

18  or practices in violation of New Mexico Stat. §57-12-1 et seq.

19         115.    Defendants have engaged in unfair competition or unfair or deceptive acts

20  or practices in violation of New York Gen. Bus. Law §349 et seq.

21         116.    Defendants have engaged in unfair competition or unfair or deceptive acts

22  or practices in violation of North Carolina Gen. Stat. §75-1.1 et seq.

23         117.    Defendants have engaged in unfair competition or unfair or deceptive acts

24  or practices in violation of Oregon Rev. Stat. §646.605 et seq.

25         118.    Defendants have engaged in unfair competition or unfair or deceptive acts

26  or practices in violation of Rhode Island Gen. Laws. §6-13.1-1 et seq.

27         119.    Defendants have engaged in unfair competition or unfair or deceptive acts

28  or practices in violation of South Carolina Code Laws §39-5-10 et seq.

1          120.    Defendants have engaged in unfair competition or unfair or deceptive acts

2    or practices in violation of Utah Code §13-11-1 et seq.

3          121.    Defendants have engaged in unfair competition or unfair or deceptive acts

4    or practices in violation of 9 Vermont §2451 et seq.

5          122.    Defendants have engaged in unfair competition or unfair or deceptive acts

6    or practices in violation of West Virginia Code §46A-6-101 et seq.

7          123.    Defendants have engaged in unfair competition or unfair or deceptive acts

8    or practices in violation of Wyoming Stat. §40-12-105.

9          124.    Class Members in the states listed above paid supra-competitive,

10    artificially inflated prices for Flash Memory. As a direct and proximate result of Defendants'

11    unlawful conduct, Plaintiff and the members of the Class have been injured in their business and

12    property in that they paid more for Flash Memory than they otherwise would have paid in the

13    absence of Defendants' unlawful conduct.

**Sixth Claim for Relief**

**(Unjust Enrichment and Disgorgement of Profits)**

16          125.    Plaintiff incorporates and realleges, as though fully set forth herein, each

17    and every allegation set forth in the preceding paragraphs of this Complaint.

18          126.    Defendants have been unjustly enriched through overpayments by Plaintiff

19    and Class members and the resulting profits.

20          127.    Under common law principles of unjust enrichment, Defendants should

21    not be permitted to retain the benefits conferred via overpayments by Plaintiff and Class

22    members.

23          128.    Plaintiff seeks disgorgement of all profits resulting from such

24    overpayments and establishment of a constructive trust from which Plaintiff and Class members

25    may seek restitution.

**PRAYER FOR RELIEF**

27    WHEREFORE, Plaintiff prays:

28          A.    That the Court determine that the Sherman Act, state antitrust law, and

1    state consumer protection and/or unfair competition law claims alleged herein may be

2    maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil

3    Procedure;

4            B.      That the unlawful conduct, contract, conspiracy or combination alleged

5    herein be adjudged and decreed to be:

6                    1.      A restraint of trade or commerce in violation of Section 1 of the

7                            Sherman Act, as alleged in the First Claim for Relief;

8                    2.      An unlawful combination, trust, agreement, understanding, and/or

9                            concert of action in violation of the state antitrust laws identified in

10                           the Second and Fourth Claims for Relief herein;

11                   3.      Violations of the state consumer protection and unfair competition

12                           laws identified in the Third and Fifth Claims for Relief herein; and

13                   4.      Acts of unjust enrichment as set forth in the Sixth Claim for Relief

14                           herein.

15           C.      That Plaintiff and the Class recover damages, as provided by federal and

16    state antitrust laws, and that a joint and several judgment in favor of Plaintiff and the Class be

17    entered against the Defendants in an amount to be trebled in accordance with such laws;

18           D.      That Defendants, their affiliates, successors, transferees, assignees, and the

19    officers, directors, partners, agents, and employees thereof, and all other persons acting or

20    claiming to act on their behalf, be permanently enjoined and restrained from in any manner: (1)

21    continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged

22    herein, or from entering into any other conspiracy alleged herein, or from entering into any other

23    contract, conspiracy or combination having a similar purpose or effect, and from adopting or

24    following any practice, plan, program, or device having a similar purpose or effect; and (2)

25    communicating or causing to be communicated to any other person engaged in the sale of Flash

26    Memory, information concerning bids of competitors;

27           E.      That Plaintiff be awarded restitution, including disgorgement of profits

28    obtained by Defendants as a result of their acts of unfair competition and acts of unjust

1  enrichment;

2        F.     That Plaintiff and members of the Class be awarded pre- and

3  postjudgment interest, and that that interest be awarded at the highest legal rate from and after

4  the date of service of the initial complaint in this action;

5        G.     That Plaintiff and members of the Class recover their costs of this suit,

6  including reasonable attorneys' fees as provided by law; and

7        H.     That Plaintiff and members of the Class have such other, further, and

8  different relief as the case may require and the Court may deem just and proper under the

9  circumstances.

10  Dated: December 14 , 2007              Respectfully submitted

11

12                          By:

13                              Michael McShane

                            AUDET & PARTNERS, LLP

14                              221 Main Street, Suite 1460

                            San Francisco CA 94105

15                              Telephone: 415.568.2555

                            Facsimile: 415.568.2556

16

17                              Robert K. Shelquist

                            LOCKRIDGE GRINDAL NAUEN P.L.L.P.

18                              100 Washington Avenue South, Suite 2200

                            Minneapolis, MN 55401

19                              Telephone: 612.339.6900

                            Facsimile: 612.399.0981

20                              *Attorneys for Plaintiff,*
                             *and the Putative Class*

21

22

23

24

25

26

27

28

Audet & Partners, LLP
www.audetlaw.com

**CLASS ACTION COMPLAINT**

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |
| Name of SERVER | TITLE |

| *Check one box below to indicate appropriate method of service* |
|---|

☐    Served Personally upon the Defendant. Place where served:

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐    Returned unexecuted:

☐    Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    _____       _____

                        *Date*                                    *Signature of Server*

                                                 _____

                                                 *Address of Server*

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure